Exhibit 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RYAN CONNERS,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:25-cv-14950

Judge Lindsay C. Jenkins

Magistrate Jeannice W. Appenteng

**AMENDED COMPLAINT**

Plaintiff, RYAN CONNERS ("Conners" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of the Partnerships and Unincorporated Associations"xxxprint Arts" identified on Amended Schedule A attached hereto (collectively, "Defendants"), and for Plaintiff's Amended Complaint[1] hereby alleges as follows:

**JURISDICTION AND VENUE**

1.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant aliases and/or the online marketplace accounts identified in Amended Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Venue is proper in any district in which Defendant resides or may be found which

---

[1] A redline version of this Amended Complaint is attached as **Exhibit 2**.

1

includes any district in which it would be subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b)(3). On information and belief, Defendant is not a resident of the United States, which means that it may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3)~~Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products bearing infringing versions of Plaintiff's copyrighted works. Each of the Defendants has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold products bearing infringing versions of Plaintiff's federally registered copyrighted works to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Additionally, Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendants because the claims asserted herein arise under federal copyright law, Defendants would not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws~~.

**INTRODUCTION**

3. Plaintiff, Ryan Conners, is the owner of the federal copyright registration~~s~~ that protect~~s~~ the creative content of Plaintiff's illustration~~s~~. Conners is a self-taught artist and illustrator that specializes in cat folk art. She paints mostly happy cats in situations ranging from sitting on antique furniture to driving around town in Volkswagen Beetles and Buses.

4. ~~This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products in connection with Plaintiff's illustrations. In addition, the Defendants are selling~~

2

unauthorized products that are based on and derived from the copyrighted subject matter of Plaintiff's illustrations.

5.4. Plaintiff is the owner of United States Copyright Registration No.s. VA 2-377-750; VA 2-457-394; VA 2-377-748; VA 2-184-875; VA 2-187-238; VA 2-224-587; VA 2-377-840; VA 2-461-868; VA 2-377-847; and VA 2-377-838 (the "Ryan Conners Works") and the registrations are is attached hereto as **Exhibit 1**. Upon information and belief, the copyrights hasve an effective dates that predates the Defendant's' acts of copyright infringement.

6.5. Defendant is an individual or business entity who, upon information and belief, resides in a foreign jurisdiction. Defendant operates at least one e-commerce store under the Defendant Internet Store identified on Amended Schedule A and/or other aliases. Defendant conducts business in the United States and has offered for sale and sold products to United States consumers, including in Illinois and this judicial district In an effort to illegally profit from the creative content of the Ryan Conners Works, Defendants have created numerous Defendant Internet Stores and designed them to appear to be selling authorized Ryan Conners Products.

7.6. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendant's' piracy of the Ryan Conners Works. Plaintiff has been and

3

continues to be irreparably damaged through loss of control over the creative content of the valuable copyrights, reputation, goodwill, the quality, and ability to license as a result of Defendant's actions and seeks injunctive and monetary relief.

**THE PLAINTIFF**

7. Plaintiff, Ryan Conners, is the owner of the Copyright Registrations that protects the creative content of the Ryan Conners Works. Conners is a self-taught artist and illustrator that specializes in cat folk art. She creates and sells her paintings, prints, and products featuring Plaintiff's artwork under the pseudonym KilkennyCat Art on various platforms as well as her own personal store. She paints mostly happy cats in situations ranging from sitting on antique furniture to driving around town in Volkswagen Beetles and Buses. Conners has been working in the arts and crafts industry for over nineteen years, combining her passion for folk art with her skills in Photoshop, Lightroom, and color management. She also works as a photographer, where she captures and edits images of her paintings and other subjects for online display and marketing. She enjoys exploring different creative aspects of photography and sometimes uses it as inspiration for her paintings. Information about the Ryan Conners Work is provided in the following table:

| Registration No. | Effective Date of Registration | Title of Work | Design |
|---|---|---|---|
| VA 2-377-838 | November 13, 2023 | The Library Cat | |

8. Conners has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ryan Conners Works. As a result, products associated

4

with the Ryan Conners Works are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Conners (the "Ryan Conners Products").

5



6

https://www.redbubble.com/shop/ap/14673271

9. Plaintiff is the owner of the United States Copyright Registration that covers the Ryan Conners Works. The Registration is valid, subsisting and in full force and effect. A true and correct copy of the registration certificate is attached hereto as **Exhibit 1**.

10. In an effort to illegally profit from the creative content of the Ryan Conners Work, Defendant has created the Defendant Internet Store and designed it to appear to be selling authorized Ryan Conners Products. Upon information and belief, Defendant facilitate sales by designing the Defendant Internet Store so it appear to unknowing consumers to be an authorized online retailer, outlet store, or wholesaler selling genuine Ryan Conners Products.

11. Conners has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the Ryan Conners Work.

12. The success of the Ryan Conners Work is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

13. As a result of Plaintiff's efforts, the quality of the Ryan Conners Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Ryan Conners Work and associate it exclusively with Conners.

14. Conners has made efforts to protect Plaintiff's interests in and to the Ryan Conners Work. No one other than Conners and her licensees are authorized to manufacture, import, export,

advertise, create derivative works, offer for sale, or sell any goods utilizing the Ryan Conners Works without the express written permission of Plaintiff.

**THE DEFENDANTS AND THE DEFENDANT'S² UNLAWFUL CONDUCT**

~~14.~~15. Defendants ~~are~~ is an individuals and/or business entity~~ies~~ who, upon information and belief, reside~~s~~ in the People's Republic of China or another foreign jurisdiction~~s~~. Defendant~~s~~ conduct~~s~~ business throughout the United States, including within Illinois and in this judicial district, through the operation of the ~~fully interactive commercial websites and~~ online marketplace~~s~~ operating under the Defendant Internet Store~~s~~. ~~Each~~ Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell illegal Ryan Conners Products to consumers within the United States, including Illinois and in this judicial district.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

~~15.~~16. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Amended Complaint.

~~16.~~17. The Ryan Conners Works is~~are~~ an original work~~s~~ and ~~are~~ is copyrightable subject matter under 17 U.S.C. § 101 et seq.

18. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant~~s~~, as alleged hereunder, including but not limited to the Ryan Conners Work~~s~~, including derivative works. The Ryan Conners Works ~~are~~ is the subject of a valid Copyright Registration Certificate~~s~~ issued by the Register of Copyrights. (**Exhibit 1**).

19. Defendant had access to the Ryan Conners Work via the internet, where the design appears on Plaintiff's authorized websites.

8

20. Defendant's unauthorized products either reproduce the Ryan Conners Work or are derived from the Ryan Conners Work:

| Plaintiff's Ryan Conners Work | Defendant's Infringing Product |
|---|---|
|  | |

17.

18.21. Each Defendant, without the permission or consent of Plaintiff, has sold and continues to sell online pirated derivative works of the copyrighted Ryan Conners Works. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

19.22. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

20.23. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights and ordering that each Defendant destroy all unauthorized copies.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, ~~their~~ its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with ~~them~~ it be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the Ryan Conners Works or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Ryan Conners Product or is not authorized by Plaintiff to be sold in connection with the Ryan Conners Works;

   b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Ryan Conners Works;

   c. further infringing the Ryan Conners Works and damaging Plaintiff's goodwill;

   d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Ryan Conners Works, and which are derived from Plaintiff's copyrights in the Ryan Conners Works; and

   e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in the Ryan Conners Works;

2) For Judgment in favor of Plaintiff against Defendants that ~~they~~ it ha~~ve~~s: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501;

10

and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Amended Complaint;

3) For Judgment in favor of Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

4) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

5) Award any and all other relief that this Court deems just and proper.

DATED: December 16, 2025December 14, 2025                    Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
15275 Collier Boulevard, Ste. 201-2061
Naples, Florida 34119-6750
Telephone: 312-971-6752
Email: keith@vogtip.com

**ATTORNEY FOR PLAINTIFF**